IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | 1:25-CR-00223-ELR-CMS |
| | * | |
| MICHAEL SUMLIN, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**O R D E R**

This matter is before the Court for consideration of the Report and Recommendation ("R&R") [Doc. 35] of Magistrate Judge John K. Larkins, III that Defendant Michael Sumlin's Motion to Suppress Evidence [Doc. 11] and Motion to Dismiss Indictment Under the Second Amendment [Doc. 32-1] be denied.[1]  In the time-period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections. [Doc 40.]  For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

---

[1] In his Motion to Dismiss [Doc. 32-1], Defendant challenges the constitutionality of 18 U.S.C. § 922(g)(1), preserving his raised issues for appeal, but acknowledging that the motion must be denied in light of binding Eleventh Circuit precedent. See generally United States v. Dubois, 139 F.4th 887 (11th Cir. 2025).

**I.  Standard of Review**

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed finings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder

of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**II. Discussion**

Defendant refers to his objection as an issue of first impression, specifically the question of "whether the Fourth Amendment categorically allows all law enforcement officers to conduct warrant checks as a part of any pedestrian stop (i.e., not a traffic stop)." [Doc. 35 at 1. (emphasis in original.)] However, the undersigned does not interpret the R&R as making such a sweeping ruling. On the contrary, the Magistrate Judge cited specific facts in this case to support why under the specific circumstances presented here, the officer's detention of Defendant was lawful. As Defendant acknowledges, he takes no issue with the factual recitation presented in the R&R (see Doc. 40 at note 2), so the Court will not repeat those facts here.

As an initial point, the undersigned agrees with the Magistrate Judge that based on evidence presented at the evidentiary hearing, including Officer White's testimony and his bodycam footage, Officer White had reasonable suspicion to believe that Defendant was consuming alcohol in public from the moment he approached him. [Doc. 35 at 13.] As Judge Larkins found, based on Officer White's vast experience in writing alcohol citations, which entails his familiarity with the appearance of cans, including canned margaritas like the one Defendant had, coupled with Defendant's physical agitation observed by the officer when he

4

approached him, Officer White's initial encounter with Defendant did not violate the Fourth Amendment. [Doc. 35 at 3-4.] Instead, as the Magistrate Judge correctly found, Officer White had reasonable suspicion that Defendant had an open container of alcohol, which allowed him to conduct an investigatory detention.

Then, during Defendant's physical agitation, he turned his body, such that while surrendering the can, Officer White observed a bulge in his right side hip area, which the officer recognized as a butt of a gun. [Id. at 4.] At this point, Officer White wrote a citation for the open container of alcohol, telling Defendant he was "almost finished," but that he first wanted to make sure Defendant had no outstanding warrants. [Id. at 5.] Once he discovered that Defendant did in fact have outstanding warrants, Officer White placed Defendant under arrest. [Id. at 6.] The undersigned finds that none of these steps undertaken by Officer White violated Defendant's Fourth Amendment right to be free from an unreasonable search or seizure.

Having established that Officer White's contact with, detention of, and citation of Defendant were lawful, the Court next considers whether the stop was prolonged as the officer checked for any outstanding warrants before arresting Defendant. Based on the evidence presented at the evidentiary hearing, the undersigned agrees with the Magistrate Judge that the time the officer took to check Defendant's warrant status did not unreasonably delay or prolong his detention of Defendant, who seemingly posits that any amount of delay was too long because this was only a

5

pedestrian and not a traffic stop. Defendant argues that traffic stops should be treated differently than pedestrian stops for Fourth Amendment purposes because the purpose of a traffic stop is to ensure that vehicles are operated safely and responsibly—considerations, that according to Defendant, are not present in the context of a pedestrian encounter. [Id. citing Doc. 34 at 4-6; 8-12.] However, this Court rejects that argument and finds that Officer White was permitted to briefly check, for his own safety and for that of others, to see if Defendant had any outstanding warrants, was legally prohibited from carrying a gun, or whether the gun was stolen. The Court finds that the brief time of less than ten minutes taken by Officer White to do this was not unreasonable. [See Doc. 35 at 6 finding that, [t]he entire encounter—that is, between (1) when Officer White first observed Mr. Sumlin and (2) his subsequent arrest—lasted around ten minutes.]

Specifically, the Court agrees with the Magistrate Judge's finding that running a warrant check was within the mission of the stop and that Officer White did not prolong the stop beyond what was necessary to effectuate the purpose of the stop. See Rodriguez v. United States, 575 U.S. 348, 354 (2015) (internal citation omitted).

### III. Conclusion

After conducting a *de novo* review of those portions of the R&R to which Defendant objects and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct.

Accordingly, the Court **OVERRULES** Defendant's Objections [Doc. 40], **ADOPTS** the R&R [Doc. 35] as the Opinion and Order of this Court; **DENIES** Defendant's Motion to Suppress Evidence [Doc 11]; and **DENIES** Defendant's Motion to Dismiss Indictment Under the Second Amendment. [Doc. 32-1.]

Defendant is **DIRECTED to announce** within twenty-one (21) days of the date this Order is entered, whether he intends to enter a plea or wishes to proceed to trial in this case.

**SO ORDERED**, this 5th day of February, 2026.

*Eleanor L. Ross*
_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia